UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| The Democratic Party of Georgia<br><br>Plaintiff,<br><br>v.<br><br>Constance Burkes, Ernest Davis Jr., Benny G. Hand, Charles W. Lamb, Jr., Annabelle T. Stubbs, & Frederick Williams, in their official capacity as Superintendent of Elections of Dougherty County<br><br>Defendants. | Civil Action File No. 1:18-cv-212 |

## CONSENT ORDER AND COURT ORDER

After a confluence of extraordinary circumstances—first a judicial injunction, then a state holiday, then a natural disaster—prevented Dougherty County from meeting its statutory deadline for providing absentee ballots to county voters, the Democratic Party of Georgia sued, alleging that the late issuance of ballots had, among other things, placed an undue burden on the Constitutional rights of absentee voters. This Court heard the matter on November 9, 2018, the same day the Dougherty County Board of Elections planned to certify its election results. The Court found that there was sufficient evidence to determine that the voting rights of some voters were so unduly burdened or substantially hampered that a temporary restraining order was necessary. (Doc. 4.) Indeed, as to those voters, the Court found sufficient evidence that they have a significant likelihood of success on the merits at least as to any voters who acted diligently to

request and mail their absentee ballots but whose ballots were still rejected due to no fault of their own. The loss of the right to vote creates an irreparable harm. *Dillard v. Crenshaw Cty.*, 640 F. Supp. 1347, 1363 (M.D. Ala. 1986). Accordingly, the Court issued an order enjoining the Defendants from certifying votes for the November 6, 2018 Election, and set an evidentiary hearing for this afternoon. (Doc. 4.)

At the afternoon hearing, Defendants appeared before the undersigned and did not contest that some voters were, in fact, harmed by the late mailing of the absentee ballots, and accordingly, consent to the relief requested by the Democratic Party of Georgia, namely that the Board treat all absentee ballots received by Dougherty County that are postmarked by November 6, 2018, and are received within the three-day period following the election, if otherwise proper, as valid ballots, and shall count and include those ballots in the certified election results.

Moreover, the Court finds that because external circumstances prevented certain voters from casting an absentee ballot, this Court's intervention is necessary to protect those voters' rights and does not unconstitutionally infringe on the rights of other voters whose ballots have already been considered valid.[1] This is because the external circumstances here resulted in the failure of Dougherty County to timely mail absentee ballots, "subjecting vote-by-mail voters to an unreasonable risk that their ballot will be tossed" without any notice. *Fla. Democratic Party v. Detzner*, No. 4:16cv607-MW/CAS, 2016 U.S. Dist. LEXIS 143620, at *25-26 (N.D. Fla. Oct. 16, 2016) (citing *Reynolds v. Sims*, 377 U.S. 533, 555 (1964)). "Those voters are therefore

---

[1] *Cf. Bush v. Gore*, 531 U.S. 98, 104-05 (2000) ("Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."). The order entered here is not entered arbitrarily but based on the evidence, as uncontested, that certain voters were deprived of their right to vote, at least in part, because of Dougherty County's actions.

2

robbed of one of our most basic and cherished liberties; namely, the right to vote and have that vote counted." *Id.* at *24. Thus, consistent with the prior Order finding a temporary restraining order warranted (Doc. 4), the Court also finds that the factors warranting a permanent injunction exist here, and that the injunction is in the best interests of the public. *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005).

Accordingly, the Court hereby **ORDERS** as follows:

1. Defendants shall treat all absentee ballots received by Dougherty County that are postmarked by November 6, 2018, and are received on or before Friday, November 9, 2018, if otherwise proper, and shall count and include those ballots in the certified election results.

2. To allow for delivery of the mail on November 9, 2018, Defendants will not certify the election results before Tuesday, November 13, 2018.

**SO ORDERED** this 9th day of November 2018.

W. LOUIS SANDS, SR. JUDGE
**UNITED STATES DISTRICT COURT**